Mark Choate, CA #206229
Jon Choate, CA #325952
lawyers@choatelawfirm.com
Attorneys for Plaintiff
CHOATE LAW FIRM LLC
424 N. Franklin Street
Juneau, Alaska 99801
Tel: (907) 586-4490
Fax: (888) 856-3894

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARAH ANDREWS and RYAN ANDREWS,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>THE WALT DISNEY COMPANY and DOES 1 through 10, Inclusive,<br><br>　　　　Defendants. | Case No.<br><br>COMPLAINT FOR DAMAGES and JURY DEMAND |

Plaintiffs SARAH ANDREWS and RYAN ANDREWS for their complaint against Defendant THE WALT DISNEY COMPANY ("Disney") and DOES 1 through 10, inclusive, state as follows:

## I.
## INTRODUCTION

1. This is an action for premises liability due to the unsafe condition of the Space Mountain Roller Coaster. Plaintiffs had ridden the Space Mountain Roller Coaster before.

1. However, on the date of the subject incident, just before the roller coaster ride began, the roller coaster was diverted from the normal loading area into a dark tunnel where they were instructed to exit the ride. When SARAH ANDREWS stood up to exit the ride, she violently struck her head into the low concrete ceiling above sustaining personal injuries as set forth more fully herein below. Plaintiffs bring their complaint for the injuries, losses and harms resulting from the negligence of the defendants, and each of them.

## II.
## JURISDICTION AND VENUE

2. This court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(a)(1) as the matter in controversy exceeds $75,000, exclusive of interest and costs, Plaintiffs are citizens of the State of Alaska, and Defendant THE WALT DISNEY COMPANY is a corporation existing under the laws of the State of California.

3. Venue in this district is proper pursuant to 28 U.S.C. § 1391(2) as a substantial part of the events giving rise to this claim occurred in Anaheim, California.

## III.
## PARTIES

4. Plaintiffs were and are citizens of the United States of America, residing in Alaska.

5. Defendant, THE WALT DISNEY COMPANY is a corporation existing under and by virtue of the laws of the State of California and at all times herein mentioned was acting by and through its officers, agents, servants, employers and representatives, and has

a principal place of business in Anaheim, California. It owns and operates the "Disneyland Park" in Anaheim, California.

6. The true names and/or capacities, whether individual, corporate, associate or otherwise of defendants 1 through 10, inclusive, are unknown to plaintiffs at this time who, therefore, sue said defendants by such fictitious names. Plaintiffs are informed and believe and thereupon allege that each of the defendants fictitiously named herein as a Doe is legally responsible, negligently or in some other actionable manner, for the events and happenings hereinafter referred to and that the acts and omissions of said defendants were a legal cause of the injury to the plaintiffs and the resulting injury and damages to plaintiffs as hereinafter alleged. The plaintiffs will amend this Complaint to assert the true names and or capacities of such fictitiously named defendants when the same have been ascertained.

7. Plaintiffs are informed and believe and thereupon allege that, at all times mentioned herein, defendants were the agents, servants, employees, successors-in-interest and/or joint venturers of their co-defendants and were, as such, acting within the purpose, course, scope and authority of said agency, employment, successor-in-interest and/or joint venture and that each and every defendant as aforesaid was acting as a principal and was negligent in the selection and hiring and retention of each and every defendant as an agent, employee, successor-in-interest and/or joint venture.

## IV.

## FIRST CAUSE OF ACTION
### Negligence

8. Plaintiffs re-allege and incorporate herein by reference each and every allegation contained in paragraphs 1-7 above.

9. In December 2017 the ANDREWS family was vacationing at Disneyland Park in Anaheim, California.

10. December 16, 2017 was their third day in Disneyland.

11. They especially enjoyed the Space Mountain Roller Coaster and were looking forward to riding it again and having their pictures taken as the ride ended.

12. On or about December 16, 2017 at approximately 1:40 p.m. the ANDREWS family were starting their ride on the Space Mountain Roller Coaster.

13. However, at the beginning of the ride, instead of the roller coaster pulling into the normal loading zone, it was diverted into a dimly lit maintenance tunnel.

14. An attendant announced to everyone that the ride had malfunctioned and instructed everyone to exit the roller coaster.

15. As the Andrews began to exit the ride, the attendant told them to look down to make sure they were stepping in a safe place in the dimly lit tunnel.

16. Unfortunately, the attendant failed to provide any instructions or warning that the ceiling in the tunnel was very low and there was a danger of striking one's head if one stood upright to exit.

17. When plaintiff SARAH ANDREWS stood up, she violently struck the top of her head against the low concrete ceiling.

18. She was immediately disoriented and dazed and felt severe pain in her head and neck.

19. Thinking her disorientation and pain were temporary, she left the park with her family and went to their hotel.

20. She later went to the emergency room and was diagnosed with a concussion.

21. She has subsequently been diagnosed with a concussive Traumatic Brain Injury and has received extensive treatment which is ongoing.

22. Defendants, and each of them, had an affirmative duty not to create an unreasonable risk of harm to others in the operation of their roller coaster ride. SARAH ANDREWS is a member of the class of persons to whom that duty of care was owed.

23. In operating the Space Mountain Roller Coaster, defendant THE WALT DISNEY COMPANY was a "common carrier" with the duty to carry passengers, like SARAH ANDREWS, safely. THE WALT DISNEY COMPANY was required to use the highest care and vigilance of a very cautious person in operating the Space Mountain Roller Coaster. This included doing all that human care, vigilance, and foresight can do under the circumstances to avoid harm to its passengers.

24. Defendants breached that duty of care in detouring the ride into a dimly lit maintenance tunnel without giving proper notice or assistance to passengers, like SARAH ANDREWS.

25. As a direct and legal result of the negligence of said defendants, and each of them, plaintiff, SARAH ANDREWS, sustained injury to her health, strength and activity, all of which injuries caused plaintiff great physical, mental emotional and nervous pain and suffering, and resulted in a traumatic brain injury and permanent impairment, all to her general damages in an amount to be shown according to proof at time of trial.

26. As a further direct and legal result of the negligence of the defendants, and each of them, plaintiff was required to and did employ physicians, specialty care providers and others to examine, treat and care for her injuries. She will in the future, likewise, incur further medical and incidental expenses for the care and treatment of her injuries, the exact amount to be proven at the time of trial.

27. As a further direct and legal result of the negligence of the defendants, and each of them, SARAH ANDREWS has lost earnings and earning capacity and may continue to lose earning capacity in the future, all in amounts presently unknown to her.

V.

SECOND CAUSE OF ACTION
Loss of Consortium

28. Plaintiffs re-allege and incorporate herein by reference each and every allegation contained in paragraphs 1- 27 above.

29. At all times relevant to this action, plaintiffs SARAH ANDREWS and RYAN ANDREWS were and are husband and wife.

30. Defendants are liable to plaintiff RYAN ANDREWS for loss of consortium.

## DAMAGES

31. Plaintiffs' damages exceed $3,000,000.00, the exact amount to be proven at time of trial.

## JURY DEMAND

32. Plaintiffs demand a trial by jury for all issues so triable in this matter.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that the Court order the following relief:

a. Past and future medical and incidental expenses in an amount to be proven at trial;

b. Past and future economic losses in an amount to be proven at trial;

c. General damages in an amount to be proven at trial;

d. Prejudgment and post-judgment interest at the maximum rate allowed by law;

e. For such other and further relief as the Court deems just and equitable.

Dated this 30th day of August, 2019 at Juneau, Alaska.

CHOATE LAW FIRM LLC
Attorneys for Plaintiff

By: s/Mark Choate
    Mark Choate #206229
    lawyers@choatelawfirm.com
    424 N. Franklin Street
    Juneau, AK 99801
    Tel: (907) 586-4490
    Fax: (888) 856-3894

By: s/Jon Choate
    Jon Choate #325952
    lawyers@choatelawfirm.com
    424 N. Franklin Street
    Juneau, AK 99801
    Tel: (907) 586-4490
    Fax: (888) 856-3894