1  NICHOLAS W. DAVILA (SBN 256832)
   ndavila@londonfischer.com
2  NINA HAWKINSON (SBN 273292)
   nhawkinson@londonfischer.com
3  JEFFREY W. GRIFFITH (SBN 7150)
   jgriffith@londonfischer.com
4  **LONDON FISCHER LLP**
   2505 McCabe Way, Suite 100
5  Irvine, California 92614
   T: (949) 252-0550; F: (949) 252-0553
6
   *Attorneys for Defendant*
7  WALT DISNEY PARKS AND RESORTS U.S., INC.

8

9              **UNITED STATES DISTRICT COURT**

10             **CENTRAL DISTRICT OF CALIFORNIA**

11

| | |
|---|---|
| 12  SARAH ANDREWS and RYAN ANDREWS, | Case No.: 8:19-cv-01665 JLS(JDEx) |
| 13              Plaintiffs, | **ANSWER TO FIRST AMENDED COMPLAINT** |
| 14     v. | **DEMAND FOR JURY TRIAL** |
| 15  WALT DISNEY PARKS AND RESORTS U.S., INC. and DOES 2 through 10, | |
| 16  inclusive | |
| 17              Defendants. | |

18

19         Defendant WALT DISNEY PARKS AND RESORTS U.S., INC. ("WDPR")

20  (Doe 1) by and through their attorneys, London Fischer LLP, for its answer and

21  affirmative defenses to the First Amended Complaint, responds as follows:

22                          **INTRODUCTION**

23         1.      In response to paragraph 1 of the First Amended Complaint, WDPR

24  denies having knowledge or information sufficient to form a belief as to the truth of

25  those allegations and therefore denies each and every allegation contained therein.

26                      **JURISDICTION & VENUE**

27         2.      In response to paragraph 2 of the First Amended Complaint, WDPR

28  denies having knowledge or information sufficient to form a belief as to the truth of

those allegations and therefore denies each and every allegation contained herein, with the exception of the allegation that WDPR is a corporation existing under the laws of the State of California, for which WDPR denies that allegation.

3.    In response to paragraph 3 of the First Amended Complaint, WDPR admits that venue in this district is proper.

**PARTIES**

4.    In response to paragraph 4 of the First Amended Complaint, WDPR denies having knowledge or information sufficient to form a basis as to the truth of those allegations and therefore denies each and every allegation contained therein.

5.    In response to paragraph 5 of the First Amended Complaint, WDPR denies that it is a corporation existing under and by virtue of the laws of the State of California. WDPR admits that at all times mentioned in the First Amended Complaint it acted by and through its agents, servants, employees, and representatives, and its California principal business office is located in Anaheim, California.

6.    In response to paragraph 6 of the First Amended Complaint, WDPR denies having knowledge or information sufficient to form a basis as to the truth of those allegations and therefore denies each and every allegation contained therein.

7.    In response to paragraph 7 of the First Amended Complaint, WDPR denies having knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies each and every allegation contained therein.

**FIRST CAUSE OF ACTION**

**Negligence**

8.    In response to paragraph 8 of the First Amended Complaint, WDPR repeats and realleges its responses to paragraphs 1 – 7 as those set forth in full here.

9.    In response to paragraph 9 of the First Amended Complaint, WDPR denies having knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies each and every allegation contained herein.

10.     In response to paragraph 10 of the First Amended Complaint, WDPR denies having knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies each and every allegation contained herein.

11.     In response to paragraph 11 of the First Amended Complaint, WDPR denies having knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies each and every allegation contained herein.

12.     In response to paragraph 12 of the First Amended Complaint, WDPR denies having knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies each and every allegation contained herein.

13.     In response to paragraph 13 of the First Amended Complaint, WDPR denies having knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies each and every allegation contained herein.

14.     In response to paragraph 14 of the First Amended Complaint, WDPR denies having knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies each and every allegation contained herein.

15.     In response to paragraph 15 of the First Amended Complaint, WDPR denies having knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies each and every allegation contained herein.

16.     In response to paragraph 16 of the First Amended Complaint, WDPR denies having knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies each and every allegation contained herein.

17.     In response to paragraph 17 of the First Amended Complaint, WDPR denies having knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies each and every allegation contained herein.

18.     In response to paragraph 18 of the First Amended Complaint, WDPR denies having knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies each and every allegation contained herein.

19.     In response to paragraph 19 of the First Amended Complaint, WDPR

1  denies having knowledge or information sufficient to form a belief as to the truth of
2  those allegations and therefore denies each and every allegation contained herein.

3        20.    In response to paragraph 20 of the First Amended Complaint, WDPR
4  denies having knowledge or information sufficient to form a belief as to the truth of
5  those allegations and therefore denies each and every allegation contained herein.

6        21.    In response to paragraph 21 of the First Amended Complaint, WDPR
7  denies having knowledge or information sufficient to form a belief as to the truth of
8  those allegations and therefore denies each and every allegation contained herein.

9        22.    In response to paragraph 22 of the First Amended Complaint, WDPR
10  admits to owing a duty of care in the operation of the Space Mountain attraction
11  and to not creating an unreasonable risk of harm to others in the operation of the
12  Space Mountain attraction and to the extent SARAH ANDREWS was a guest on
13  and properly utilizing the attraction at the time of the alleged incident, she would
14  be a person to whom a duty of care was owed.

15        23.    In response to paragraph 23 of the First Amended Complaint, WDPR
16  denies having knowledge or information sufficient to form a belief as to the truth of
17  those allegations and therefore denies each and every allegation contained therein.

18        24.    In response to paragraph 24 of the First Amended Complaint, WDPR
19  denies each and every allegation in the paragraph.

20        25.    In response to paragraph 25 of the First Amended Complaint, WDPR
21  denies having knowledge or information sufficient to form a belief as to the truth of
22  those allegations and therefore denies each and every allegation contained herein.

23        26.    In response to paragraph 26 of the First Amended Complaint, WDPR
24  denies having knowledge or information sufficient to form a belief as to the truth of
25  those allegations and therefore denies each and every allegation contained herein.

26        27.    In response to paragraph 27 of the First Amended Complaint, WDPR
27  denies having knowledge or information sufficient to form a belief as to the truth of
28  those allegations and therefore denies each and every allegation contained herein.

**SECOND CAUSE OF ACTION**

**Loss of Consortium**

28.     In response to paragraph 28 of the First Amended Complaint, WDPR repeats and realleges its responses to paragraphs 1 – 27 as those set forth in full here.

29.     In response to paragraph 29 of the First Amended Complaint, WDPR denies having knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies each and every allegation contained herein.

30.     In response to paragraph 30 of the First Amended Complaint, WDPR denies having knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies each and every allegation contained herein.

**DAMAGES**

31.     In response to paragraph 31 of the First Amended Complaint, WDPR denies having knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies each and every allegation contained herein.

**FIRST AFFIRMATIVE DEFENSE**

(SOLE NEGLIGENCE)

1.     Plaintiffs and/or parties other than WDPR were negligent, careless, and/or otherwise at fault in and about the matters herein complained of, which negligence and/or fault were the primary and sole cause of the subject incident, and the sole cause of the damages complained of by Plaintiffs.

**SECOND AFFIRMATIVE DEFENSE**

(NEGLIGENCE OF OTHERS)

2.     At all times and places mentioned in the First Amended Complaint, Plaintiffs and/or parties other than WDPR were negligent, careless, and/or otherwise at fault in and about the matters set forth in the First Amended Complaint. If Plaintiffs sustained, or will sustain, any damages, the same were proximately and legally caused and contributed to by the negligence, carelessness, and/or otherwise

1    wrongful conduct of Plaintiffs and/or parties other than WDPR.

2                    **THIRD AFFIRMATIVE DEFENSE**

3                       (ASSUMPTION OF RISK)

4           3.      At all relevant times and places, Plaintiffs were or, in the exercise of

5    reasonable care, should have been aware of all the circumstances and conditions

6    then and there existing and prevailing, but nonetheless, Plaintiffs voluntarily and in

7    full appreciation of the potential consequences thereof, assumed whatever risks may

8    have been attendant upon such circumstances and conditions.  Plaintiffs' recovery,

9    if any, is therefore barred or must be diminished to an extent to be determined by

10   the triers of fact.

11                   **FOURTH AFFIRMATIVE DEFENSE**

12                     (COMPARATIVE NEGLIGENCE)

13          4.      That if the damages claimed by Plaintiffs in this action were caused by

14   any negligence, the negligent acts or omissions were by others, and not by WDPR.

15   Plaintiffs' damages, if any, shall therefore be reduced on the basis of the

16   comparative negligence of such persons or entities which WDPR allege directly and

17   proximately caused Plaintiffs' damage(s).

18                    **FIFTH AFFIRMATIVE DEFENSE**

19                  (FAILURE TO STATE A CAUSE OF ACTION)

20          5.      The First Amended Complaint and each and every cause of action

21   therein fails to allege facts sufficient to constitute a valid cause of action against

22   WDPR.

23                    **SIXTH AFFIRMATIVE DEFENSE**

24                      (STATUTE OF LIMITATIONS)

25          6.      The First Amended Complaint, and each and every cause of action

26   therein, is barred by the applicable statutes of limitations including, but not limited

27   to Code of Civil Procedure sections 335.1, 336, 337, *et seq*., 338, 339, 342, and 343.

28   ///

## SEVENTH AFFIRMATIVE DEFENSE

### (SUPERSEDING ACTS)

7.      Any acts or omissions of WDPR were superseded by the acts or omissions of others which were the sole proximate and legal causes of any damage or loss to Plaintiffs, either as alleged or otherwise.

## EIGHTH AFFIRMATIVE DEFENSE

### (INTERVENING ACTS)

8.      The acts and omissions of others were intervening, independent, proximate and legal causes of any injury, damage or loss to Plaintiffs, either as alleged or otherwise, thus barring Plaintiffs from any recovery against WDPR.

## NINTH AFFIRMATIVE DEFENSE

### (ALLOCATION OF COMPARATIVE FAULT)

9.      WDPR denies liability to Plaintiffs under the doctrine of comparative fault and the Fair Responsibility Act of 1986; liability for general damages, if any, is limited to the proportionate share of liability or responsibility, if any, of each tortfeasor, whether or not named as a party to this action, whose negligence or fault contributed to or caused the injuries or damages, if any, suffered by Plaintiffs.

## TENTH AFFIRMATIVE DEFENSE

### (FAILURE TO NOTIFY)

10.     WDPR is informed and believes and based thereon alleges that if any defects or inadequacies in the premises existed, which WDPR denies, Plaintiffs and/or others failed to timely notify WDPR of such conditions and failed to give WDPR timely opportunity to remedy such conditions.  This conduct by Plaintiffs, and/or others, bars Plaintiffs from any relief from WDPR herein.

## ELEVENTH AFFIRMATIVE DEFENSE

### (MINOR, TRIVIAL, OR INSIGNIFICANT RISK IF ANY)

11.     The alleged condition of property set forth in the First Amended Complaint did not constitute a substantial risk of damage, but if any risk at all,

merely constituted a minor, trivial, or insignificant risk which did not create dangerous condition of the property; and therefore, WDPR is not liable for any of the alleged damages, if any.

## TWELFTH AFFIRMATIVE DEFENSE

### (NO DUTY TO WARN/OPEN AND OBVIOUS CONDITION)

12.    The Plaintiffs' actions are barred on the basis that if Plaintiffs were injured as alleged in the First Amended Complaint, then said injuries or damages were and are the result of an open, and obvious and apparent danger which was known to and recognized by Plaintiffs, but who nevertheless knowingly, willing, intentionally and voluntarily exposed themselves to said danger, thereby assuming the risk of accident, injury and damage.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (LACHES)

13.    The acts and omissions of Plaintiffs, in the assertion of his claims against others, were unreasonably delayed to the substantial prejudice of WDPR. Thus, the First Amended Complaint and each purported cause of action alleged therein, is barred by the doctrine of laches.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (FAILURE TO MITIGATE DAMAGES)

14.    To the extent Plaintiffs have incurred or suffered any damages as a result of the alleged acts or omissions of WDPR, such damages are attributable, in whole or in part, to the conduct of Plaintiffs in failing to take action to mitigate their losses.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (COMPLAINT IS UNCERTAIN, AMBIGUOUS, & UNINTELLIGIBLE)

15.    The First Amended Complaint allegations as a whole, and each purported cause of action alleged in the First Amended Complaint is overbroad, uncertain, ambiguous, and unintelligible, and fails to allege (a) the date or dates

upon which the acts or omissions allegedly occurred, (b) where and in what manner such acts or omissions were committed, (c) any duty running from WDPR to Plaintiffs, and (d) specific facts to put WDPR on notice as to exactly what it did or did not do.

### SIXTEENTH AFFIRMATIVE DEFENSE

### (WAIVER)

16.   WDPR alleges that Plaintiffs engaged in conduct and activities sufficient to constitute a waiver of any alleged breach of duty, negligence, act, omission or any other conduct, if any, as set forth in the First Amended Complaint.

### SEVENTEENTH AFFIRMATIVE DEFENSE

### (LIMITATION ON LIABILITY FOR NON-ECONOMIC LOSSES)

17.   Under and pursuant to the provisions of California Civil Code sections 1431.1 through 1431.5, inclusive, Plaintiffs are barred and precluded from recovery against WDPR for any non-economic damages except those allocated to it in direct proportion to the percentage of fault actually attributed to it, if any.

### EIGHTEENTH AFFIRMATIVE DEFENSE

### (EQUITABLE ESTOPPEL)

18.   WDPR is informed and believes and thereon alleges that Plaintiffs are equitably estopped from claiming damages due to their own actions and inactions.

### NINETEENTH AFFIRMATIVE DEFENSE

### (FAILURE TO EXERCISE ORDINARY CARE)

19.   WDPR is informed and believes and based thereon alleges that the alleged liability of WDPR stems from the failure of Plaintiffs or others to exercise reasonable or ordinary care, caution, or vigilance for which WDPR is not legally liable or responsible.

### TWENTIETH AFFIRMATIVE DEFENSE

### (NO PROXIMATE CAUSE)

20.   WDPR is informed and believes and based thereon alleges that any

1  acts or omissions of WDPR alleged by Plaintiffs, were not the proximate cause of

2  the loss or damage for which Plaintiffs seeks recovery.

3  **TWENTY-FIRST AFFIRMATIVE DEFENSE**

4  (LACK OF STANDING)

5  21.    Plaintiffs lacks standing to assert certain damages alleged in the First

6  Amended Complaint.

7  **TWENTY-SECOND AFFIRMATIVE DEFENSE**

8  (RIGHT TO ASSERT ADDITIONAL DEFENSES)

9  22.    WDPR presently has no knowledge or information upon which to form

10  a belief as to whether it may have additional, yet unstated, affirmative defenses

11  which could be asserted on its behalf.  WDPR reserves the right to assert such

12  additional affirmative defenses in the event discovery indicates that any additional

13  affirmative defense is appropriate.

14  WHEREFORE, WDPR prays for judgment that Plaintiff take nothing as

15  against WDPR, and that WDPR may recover its costs, expenses, and fees incurred,

16  and to be incurred herein, together with such other relief as may be deemed

17  appropriate by the Court.

18

19  Dated:  December 2, 2019                    LONDON FISCHER LLP

20

21                                                           By: _____

22                                                                 Nicholas W. Davila
                                                                   Nina Hawkinson
23                                                               *Attorneys for Defendant*
                                                                   WALT DISNEY PARKS AND
24                                                                 RESORTS, U.S., INC.

25

26

27

28

# DEMAND FOR JURY TRIAL

Defendant WALT DISNEY PARKS AND RESORTS, U.S., INC. hereby demands a trial by jury.

Dated:  December 2, 2019                          LONDON FISCHER LLP

By:_____
Nicholas W. Davila
Nina Hawkinson
*Attorneys for Defendant*
WALT DISNEY PARKS AND
RESORTS, U.S., INC.

ANSWER TO FIRST AMENDED COMPLAINT

# PROOF OF SERVICE

*SARAH ANDREWS and RYAN ANDREWS,*

*v.*

*THE WALT DISNEY COMPANY and and DOES 1 through 10, inclusive*
USDC – Central District of California
Case No.: 8:19-cv-01665

STATE OF CALIFORNIA, COUNTY OF ORANGE

     I am employed in the County of Orange, State of California.  I am over the age of 18 and am not a party to the within action.  My business address is 2505 McCabe Way, Suite 100, Irvine, California 92614.

     On **December 2, 2019**, the document(s) entitled **ANSWER TO FIRST AMENDED COMPLAINT DEMAND FOR JURY TRIAL** was/were served on the interested parties in this action by placing: [  ] the original **[X]** a true copy thereof, to be delivered/addressed as follows:

## SEE ATTACHED SERVICE LIST

**[X]**   **(BY THE COURT'S CM/ECF SYSTEM)** Pursuant to Local Rule, I electronically filed the document(s) with the Clerk of the Court using the CM/ECF System, which sent notification of that filing to the parties as registered.

**Executed on December 2, 2019, at Irvine, California.**

**[X]**   **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

---

Michelle Davis                                 **/s/ Michelle Davis**
PRINT/TYPE NAME

1

## SERVICE LIST

2

*SARAH ANDREWS and RYAN ANDREWS,*

3

*v.*
*THE WALT DISNEY COMPANY and and DOES 1 through 10, inclusive*
USDC – Central District of California

4

Case No.: 8:19-cv-01665

5

Mark Clayton Choate, Esq.
Jon Michael Choate, Esq.

6

**Choate Law Firm LLC**
424 North Franklin Street

7

Juneau, AK 99801
T: (907) 586-4490

8

F: (888) 856-3894
Email: mark@choatelawfirm.com

9

lawyers@choatelawfirm.com

10

Attorneys for Plaintiffs
**SARAH R. ANDREWS, AND RYAN**

11

**ANDREWS**

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

{L0136522.3 }

PROOF OF SERVICE